IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 13, 2003

## STATE OF TENNESSEE v. MITCHELL WAYNE HILES

**Appeal from the Circuit Court for Montgomery County**
**No. 40100514     Michael R. Jones, Judge**

―――――――――――

**No. M2002-02973-CCA-R3-CD - Filed November 13, 2003**

―――――――――――

The Appellant, Mitchell Wayne Hiles, was convicted of one count of aggravated sexual battery, a class B felony, following a jury trial. The trial court sentenced Hiles to an eight-year sentence in the Department of Correction. On appeal, Hiles raises the single issue of whether the evidence was sufficient to support the verdict. After review of the record, we affirm the conviction.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

Roger Eric Nell, District Public Defender; Russel A. Church, Assistant Public Defender, Clarksville, Tennessee, for the Appellant, Mitchell Wayne Hiles.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kathy D. Aslinger, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur F. Bieber, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On March 17, 2001, the Appellant was taking care of the victim, nine-year-old A.H.,[1] and her brother since their mother was not at home. The Appellant was the boyfriend of the children's mother, and he had been living in the family's residence for "more than a month." The children were expecting their father to pick them up for weekend visitation at 5:30 p.m.

―――――――――――

[1] In order to protect the identity of minor victims of sexual abuse, it is the policy of this court to refer to the victims by their initials. *State v. Schimpf*, 782 S.W.2d 186, 188 n.1 (Tenn. Crim. App. 1989).

According to the victim, her leg muscles were hurting that day, which is not an unusual occurrence because she does not "get enough calcium." The victim told the Appellant about her leg cramps, and he told her to take a warm bath. After taking a bath, the victim's legs still hurt, so the Appellant suggested that he massage her legs. The Appellant was sitting on the couch, and the victim was "halfway" laying down and sitting up on the couch. The victim was only wearing a shirt and panties, and the Appellant was wearing pants but did not have a shirt on.

The Appellant "told [her] to spread [her] legs apart," and she complied. The Appellant began to massage her right thigh. She looked at the clock and noticed that it was "five twenty something," almost time for her father to arrive. The Appellant continued to massage the victim's leg, moving upwards on her leg. According to the victim, he touched her underneath her panties "right where you go pee." At trial, the victim testified that the Appellant touched her "on purpose" and "it seemed like he meant to because it wasn't a brief touching."

At 5:25 p.m., the victim's father arrived, and the massage ceased. The victim went to get dressed, and the Appellant ran outside to speak with the victim's father. The victim's father stated that he "just had an instinct that there was something wrong," based upon the surprised look on [the Appellant's] face to see [him] and [the Appellant] with no shirt on[2] and just his general attitude." After the children were both in the car, they proceeded to their father's home. Upon arriving at their father's house, he took the victim into his bedroom and asked her if anything was wrong. The victim told her father that the Appellant, while massaging her legs, touched her in "her crotch area." The victim's father then phoned the police. The victim also testified that she thought about telling her father because she believed the Appellant "had done something he [was] not supposed to do."

The Appellant was subsequently indicted on May 7, 2001, for one count of aggravated sexual battery. On March 26, 2002, he was convicted after a trial by jury. The trial court later sentenced the Appellant to an eight-year sentence in the Department of Correction. The Appellant filed a motion for new trial, which was denied, and this timely appeal followed.

## ANALYSIS

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. 1999); *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Instead, the Appellant must establish that the evidence presented

---

[2]The victim's father testified that it was only "fifty or sixty" degrees outside. However, there was evidence that it was very warm inside the mobile home, and it was customary for the individuals in the residence to wear minimal articles of clothing.

at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

As charged in the instant indictment, aggravated sexual battery is defined as "unlawful sexual contact" between a defendant and a victim who is less than thirteen years of age. Tenn. Code Ann. § 39-13-504(a)(4) (1997). "Sexual contact" is defined as:

> The intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification.

Tenn. Code Ann. § 39-13-501(6) (1997). The "intimate parts" include "the primary genital area, groin, inner thigh, buttock or breast of a human being." Tenn. Code Ann. § 39-13-501(2).

The Appellant argues that the evidence is insufficient to show that he intentionally touched an intimate part of the victim for the purpose of sexual arousal or gratification as is required for any sexual battery. The evidence at trial established that the victim's mother was not present in the residence at the time of the alleged incident. Both the Appellant and the victim were minimally clothed. The victim testified that the Appellant touched her "where you go pee" and that she believed the touching was intentional. She also told her father of the incident, who believed that something improper had occurred.

Intent in sexual battery cases is often proved by circumstantial evidence, including conditions under which the touching occurred. *State v. Hayes*, 899 S.W.2d 175, 180 (Tenn. Crim. App. 1995). One factor from which the jury could infer that the touching was for the purpose of the Appellant's sexual gratification was the time and place of the incident, when no other adults were in the house. *See id.* From the evidence presented, the jury could have found beyond a reasonable doubt that the Appellant intentionally touched the victim's intimate parts. Moreover, the jury could have reasonably construed that the touching was for the purpose of sexual arousal or gratification. A verdict of guilty accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. *Cazes*, 875 S.W.2d at 259; *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). The Appellant has had his day in court and this court will not and cannot substitute its judgment for that of the finder of fact and arbiter of credibility. *Cabbage*, 571 S.W.2d at 835. Accordingly, this issue is without merit.

## CONCLUSION

Based upon the foregoing, we conclude that the evidence is legally sufficient to support the Appellant's conviction for aggravated sexual battery. Accordingly, the judgment of the Montgomery County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE